DANAHY, Judge.
The state appeals from an order granting a motion to suppress evidence found in an inventory search of appellee’s truck. We agree with the state that the trial court’s ruling was in error.
The basic facts underlying this case are these. Officers Hanson and Lainio were sitting in their cruiser when they saw ap-pellee drive through a red light at the intersection of Nebraska Avenue and Linebaugh in Tampa. They motioned for him to stop, and he drove into the parking lot of No-land’s Glass Company.
When Officer Hanson asked appellee for his driver’s license, appellee gave him a license receipt. After some further discussion Hanson discovered that the license receipt was not appellee’s and arrested him for obstruction of justice. The two officers placed appellee in their cruiser and then inventoried the contents of the truck as they prepared to impound it. During the inventory process, they discovered a controlled substance, phencyclidine, which became the object of the motion to suppress.
The trial court granted appellee’s motion to suppress because it found that the police officers had failed to tell appellee that they were going to impound his truck. The state now argues that the court was in error because there was no evidence upon which the court could base its ruling, and we must admit that we are hard pressed to find any evidentiary support for the court’s finding. However, we need not consider this point further because, in any case, we do not think that a law enforcement officer has a duty to tell a silent arrestee that his car is being impounded. If we were to hold otherwise, we would not in any way be increasing a defendant’s protection against unreasonable searches and seizures. Consequently, we would be placing an unnecessary burden on the police in the already difficult situation which an arrest usually produces. Cf. State v. Dearden, 347 So.2d 462 (Fla. 2d DCA 1977) (holding that an *620 officer need not tell a defendant of the options to impoundment).[1]
Accordingly, we reverse the order granting the motion to suppress and remand the case for further proceedings consistent with this opinion.
BOARDMAN, Acting C. J., and SCHEB, J., concur.

. Of course, what we have said should not be interpreted to mean that the police may in any way mislead a defendant as to their intention to impound or that a defendant may otherwise be denied the right to request a reasonable alternative to impoundment.