403 So.2d 973 (1981)
Paul A. SANDERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 59728.
Supreme Court of Florida.
July 30, 1981.
Rehearing Denied October 9, 1981.
Peter M. de Manio, Sarasota, for petitioner.
Jim Smith, Atty. Gen., and G.P. Waldbart and David T. Weisbrod, Asst. Attys. Gen., Tampa, for respondent.
OVERTON, Justice.
This is a petition to review the decision of the Second District Court of Appeal, reported at 387 So.2d 391 (Fla. 2d DCA 1980), holding that a law enforcement officer has no duty to advise a silent arrestee of alternatives to his vehicle's impoundment. This holding is in accord with previous Second District decisions in State v. Miller, 369 So.2d 619 (Fla. 2d DCA 1979), and State v. Dearden, 347 So.2d 462 (Fla. 2d DCA 1977), and in conflict with the decisions of the Fourth District in Session v. State, 353 So.2d 854 (Fla. 4th DCA 1977); Jones v. State, 345 So.2d 809 (Fla. 4th DCA 1977); State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975).
We recently resolved this conflict in Miller v. State, 403 So.2d 1307 (Fla. 1981), which we held:
(1) the purpose of an inventory search is a caretaking function exclusively for (a) protection of the owner's property, (b) protection of the police from claims and disputes over lost or stolen property which has been impounded, and (c) protection of the police from danger; (2) an inventory search is not conducted in order *974 to discover evidence of a crime, and any suggestion that standard police procedure for an inventory search is actually a pretext for an investigative search will require the search to meet traditional probable cause standards or be invalidated; (3) there must be a threshold inquiry by the trial court to determine that the impoundment was for the above purposes and was reasonable and necessary under the circumstances; and (4) when the owner or possessor of the vehicle is present, the arresting officers must advise him or her that the motor vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to impoundment; however, consultation with the owner or possessor is not required in circumstances where the vehicle is unattended, its owner is not reasonably available, or its owner or possessor is mentally incapacitated.
Id., at ___.
The Miller holding requires the officers to advise a present, silent arrestee that his car will be impounded unless he can provide a reasonable alternative to impoundment. Our holding does not mandate that an arrestee must be advised of all available options to impoundment; such a per se rule would be unworkable because of changing conditions and circumstances. However, the extent of the consultation with an arrestee is a factor for the trial judge to consider in determining whether the impoundment was reasonable and necessary.
In the instant case Sanders was arrested for driving under the influence of alcohol and was upon his own admission very intoxicated when arrested. Severe intoxication and other mental incapacity were specifically mentioned in Miller as examples of situations in which, if impoundment of a vehicle was necessary, consultation with the arrestee might be either impossible or inappropriate. The trial judge in considering a motion to suppress took Sanders' condition into consideration in determining the necessity for impoundment. The written order of the trial judge expressed a finding that, although Sanders failed the sobriety test, he "was cooperative," responded to all requests of the officer promptly," and "was alert and coherent." The trial court further found that Sanders stopped his car next to the curb immediately upon the officer turning on his red lights and that this location was found to be one hundred feet from the motel where Sanders was staying. Concerning the location of the vehicle, the trial court made these express findings: "The street where he was stopped had four traffic lanes and was extremely well-lighted  to half daylight or better. Traffic at 4:05 a.m. was extremely light[,] thus no traffic hazard at this time of day. The essence of a lawful impoundment is necessity.... The Court finds no such necessity in this case. The defendant's vehicle did not create an immediate traffic hazard or nuisance." The trial court further expressed the legal conclusion in his order that "where the automobile does not create a traffic hazard or nuisance the individual in custody should be advised of and given the standard alternative choices under the police department's procedural order." The trial court concluded by finding that the threshold requirement of necessity to make an inventory search was not present.
In reversing the suppression order, the district court of appeal disagreed with the factual finding of the trial court relating to the vehicle's location and determined that the vehicle constituted "a hazardous impediment to traffic."
Given the factual findings of the trial judge, we must conclude that the trial judge could properly find that the impoundment of Sanders' vehicle was not reasonable under the Miller test, given the circumstances in this cause. In so holding, we reiterate we are not adopting a per se rule that mandates that an arrestee be advised of all available options to impoundment. Changing conditions and circumstances must be taken into account and the extent of the consultation with an arrestee is only a factor which the trial judge should consider in determining whether the impoundment was reasonable and necessary.
*975 Although we approve the trial court's conclusion that there was no necessity for this impoundment, we reject its legal holding which mandates advising an arrestee of all "standard alternative choices" to the impoundment. Such is not required under Miller.
We disapprove the holding of the district court of appeal and direct that the order of suppression be reinstated.
It is so ordered.
ADKINS, C.J., and ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
For the reasons expressed in my dissent to Miller v. State, 403 So.2d 1307 (Fla. 1981), I believe that the present case was correctly decided by the district court. There is no constitutional requirement that an arresting officer advise the person he arrests that any motor vehicle in the possession of the person arrested will be impounded unless that person can provide a reasonable alternative to impoundment. The motor vehicle in this case was properly impounded, and the subsequent inventory search of this vehicle was lawful. The district court correctly reversed the trial court's suppression order.