DANAHY, Judge.
This case is before us on remand from the Florida Supreme Court, which in Miller v. State, 403 So.2d 1307 (Fla.1981), reversed our decision in State v. Miller, 369 So.2d 619 (Fla.2d DCA 1979).
Briefly, the relevant facts, as stated in our original opinion, were that officers Hanson and Lainio saw Mr. Miller drive his truck through a red light, and they motioned for him to stop. He then drove into the parking lot of a neighboring business. There, upon inquiry from the officers, he produced false identification and, as a result, they arrested him for obstruction of justice and placed him in their cruiser. They then inventoried the contents of the truck as they prepared to impound it and, in the process, found a controlled substance, phencyclidine, which became the object of a motion to suppress. Subsequently, the trial court suppressed the phencyclidine, ruling that the inventory search was improper because the officers had failed to tell Miller that they were going to impound his truck.
In our previous opinion, we noted that there was little, if any, evidentiary support *160 for the trial court’s findings. However, we thought that to be of little consequence since we ruled that a law enforcement officer did not have a duty to tell a silent arrestee that his car was being impounded. The supreme court reversed this ruling and held that “an officer, when arresting a present owner or possessor of a motor vehicle, must advise him or her that the vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to impoundment.” Miller v. State, at 1314. Because of our concern for the evidentiary support for the trial court’s findings, the supreme court did not affirm the trial court’s order, but remanded the case to us for further consideration.
We have again searched the record, and we conclude that the court erred when it found that the police officers failed to tell Mr. Miller that they were going to impound his truck. Miller himself, when asked about his conversation with the officers, stated that “their comment was, they had to impound it,” and there is nothing further in the record to contradict this statement. Be that as it may, we must still affirm the trial court’s order. Pursuant to the supreme court’s ruling in this case, not only must an officer tell an arrestee that he is impounding the car, but he must also advise the arrestee that the impoundment will not occur if the arrestee can provide a reasonable alternative to impoundment. In the record before us it is clear that neither police office fulfilled this second requirement.
We hasten to add that we do not say that a police officer must provide the arrestee with a list of reasonable alternatives. He must only tell the arrestee that there will be no impoundment if a reasonable alternative is given. We think this conclusion is in accord with the supreme court’s Miller opinion and its later opinion in Sanders v. State, 403 So.2d 973 (Fla.1981), which further discusses this subject. In Sanders the court said: “Although we approve the trial court’s conclusion that there was no necessity for this impoundment, we reject its legal holding which mandates advising an arrestee of all ‘standard alternative choices’ to the impoundment.” At 975.
We therefore withdraw our previous opinion and mandate in this case and affirm the order of the trial court.
SCHEB, C. J., and BOARDMAN, J., concur.