412 So.2d 456 (1982)
Ronald Lee STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1242.
District Court of Appeal of Florida, Second District.
April 14, 1982.
*457 Jerry Hill, Public Defender, Bartow, and Robert J. Krauss, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant pled nolo contendere to two charges of burglary and reserved his right to appeal the denial of his motion to suppress evidence seized as a result of a warrantless inventory search of his automobile. We reverse.
The appellant left his automobile, bearing license plates which were not registered to that vehicle, unattended in the Snell Isle section of St. Petersburg on November 25, 1980. When he returned to the vehicle and was not able to explain his presence in the area to the satisfaction of two officers of the St. Petersburg Police Department, he was arrested for loitering. He was immediately handcuffed, the keys to his motor vehicle were taken from his possession, and an inventory search of the vehicle was commenced without his permission. The search of the trunk of the automobile resulted in the discovery of three paper bags containing property later identified as stolen property.
The appellant was not informed that the automobile would be impounded unless he could provide for a reasonable alternative to the impoundment. Officer Mahoney of the St. Petersburg Police Department testified that it was the standard procedure of his department, if a subject was arrested and his vehicle was on city property, to have the vehicle towed away and inventoried by using a standard inventory form.
Since the officers did not follow the requirements set forth in Miller v. State, 403 So.2d 1307 (Fla. 1981), their search was improper, and the motion to suppress should have been granted.
The supreme court held in Miller that when the owner or possessor of a vehicle is present, as in this case, the arresting officers must advise him or her that the motor vehicle will be impounded unless he or she can provide a reasonable alternative to impoundment. The court held that such a consultation is not required when the vehicle is unattended, or its owner is not reasonably available or is mentally incapacitated, but none of these exceptions are applicable to this case. Additionally, the state does not contend that any other exception to the requirement of obtaining a search warrant is applicable here.
An arrestee does not have to be advised of all available alternatives to impoundment, but since the primary purpose of impoundment and an inventory search is for the securing and protection of the vehicle's contents, it necessarily follows that when he is reasonably available he should be consulted concerning the impoundment. Sanders v. State, 403 So.2d 973 (Fla. 1981).
In the case sub judice, the court, without the benefit of the Miller and Sanders decisions, held that the impoundment and inventory search was proper because the vehicle could not have been lawfully driven from its parking place without valid license plates. However, the appellant should have been allowed an opportunity to choose another reasonable way to protect his own property, e.g., having it towed to a destination of his choice by the company of his choice.
We accordingly reverse and remand with instructions to discharge the defendant on the charges which were the subject matter of this appeal.
DANAHY, A.C.J., and CAMPBELL, J., concur.