PER CURIAM.
The state appeals from an order suppressing physical evidence seized from appellee’s vehicle. We affirm.
After stopping appellee’s vehicle and arresting appellee, police searched the interior of the vehicle. The officer described the search as a standard inventory procedure pursuant to impoundment, and further testified that he did not advise appellant that there were alternatives to impoundment. The inventory produced methylphenidate, for which appellee was charged with illegal possession under chapter 893, Florida Statutes (1979).
When an arresting officer intends to impound a vehicle, the police must advise the owner or possessor of that vehicle that the vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to impoundment. Miller v. State, 403 So.2d 1307 (Fla.1981); Sanders v. State, 403 So.2d 973 (Fla.1981). On appeal, the state argues that the search may be justified as pursuant to appellee’s arrest. Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981). We hold that the facts below *1128 support the lower court’s finding that the search was an inventory search pursuant to impoundment and that no alternatives to impoundment were permitted. The resulting contraband must thus be suppressed, pursuant to Miller v. State, supra, and Sanders v. State, supra.
AFFIRMED.
RYDER, A. C. J., and DANAHY and CAMPBELL, JJ., concur.