RYDER, Judge.
Contending that because the impoundment of his car was illegal, and thus drugs found during an inventory search should have been suppressed, Gilbert Judge appeals his conviction for trafficking in heroin. We hold that this inventory search was invalid and reverse.
Defendant below was arrested for driving with a suspended license. The record indicates that he was not advised that impoundment need not occur if a reasonable alternative was provided; it also indicates that during consultation with police officers, the available alternatives were not even considered. The overriding rationale of Miller v. State, 403 So.2d 1307 (Fla.1981) is that the purpose of impoundment and inventory search is security and protection of the vehicle’s contents; thus, any search must be for a good faith caretaking purpose and not a subterfuge to conduct a warrant-less search for incriminating evidence.
None of the five circumstances listed in Miller, under which impoundment is reasonable and necessary, existed in this case. After Judge was arrested for driving with a suspended license, both he and his passenger suggested alternatives to impoundment. Although the passenger clearly could not drive the vehicle away because his license was suspended, Judge was not allowed to call his sister as he requested. The car was parked on the shoulder of the highway where it was not illegally obstructing traffic. When a deputy inventoried the car before towing, but after Judge and the passenger were taken away from the scene in police custody, a zippered bag was found underneath the right front driver’s seat of the car.
This situation does not satisfy the state’s burden of showing that impoundment was reasonable and necessary. Although as an appellate court, we cannot say whether or not Judge’s two suggestions were reasonable alternatives, it is clear that the letter of the law set forth in Miller requires the police to advise an accused that unless a reasonable alternative is offered, his car would be impounded. This was admittedly not done here.
This court has adopted the Miller holding in two recent decisions—Rizzo v. State, 412 So.2d 29 (Fla. 2d DCA 1982) and Stevens v. State, 412 So.2d 456 (Fla. 2d DCA 1982). In Rizzo, we held that inventory search is invalid where police do not advise an arrestee that his vehicle will be impounded unless he can provide a reasonable alternative. Similarly, in Stevens we reversed a burglary conviction because police officers did not follow the requirements set forth in Miller regarding impoundment and inventory search. We additionally stated that even where impoundment and inventory search would be proper (because a vehicle could not lawfully be driven from the location where it was stopped), a defendant should be allowed an opportunity to choose another reasonable way to protect his own property, such as having it towed to a destination of his choice by the company of his choice. Stevens, supra.
The impoundment and warrantless inventory search were unreasonable under the instant circumstances. Therefore, the evidence found should have been suppressed.
*1173 REVERSED and REMANDED for action consistent with this opinion.
OTT, C. J., and SCHOONOVER, J., concur.