PER CURIAM.
K.J.B. challenges the denial of her motion to suppress drug paraphernalia seized from the glove compartment of the vehicle she was operating. She reserved her right to appeal the denial of her motion when she *115 entered a plea of no contest and was subsequently adjudicated delinquent on the charge of possession of the paraphernalia. We reverse.
St. Petersburg police officers lawfully stopped the car appellant was driving because it had an expired license tag. The officers then arrested appellant for having no driver’s license, and, at the scene and without probable cause to do so, they searched the interior of the vehicle pursuant to impoundment and inventory search procedures authorized by city ordinance and routinely practiced by the police department. The officers did not have probable cause to believe there was contraband in the vehicle, and no contention was made at the trial that the search was made incident to appellant’s arrest. The standard im-poundment and warrantless inventory search procedures by which the officers were guided in this case do not include police advice to the owner or possessor of a vehicle that the vehicle would be impounded unless a reasonable alternative could be provided. The officers did not announce their intention to impound the car and offered no such advice to the appellant prior to the impoundment and search. Despite the appellant’s argument that the impoundment of the car and inventory search were unlawful, the trial court denied the motion to suppress “on the grounds that the im-poundment was legal.”
It is now settled that, except in certain extraordinary circumstances, an arresting officer who intends to impound a vehicle must first advise a present owner or possessor of that vehicle that the vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to impoundment. Miller v. State, 403 So.2d 1307 (Fla.1981); Sanders v. State, 403 So.2d 973 (Fla.1981). These cases control our disposition of this case.
Because the officers failed to advise the appellant of their intention to impound the vehicle unless the appellant could provide a reasonable alternative, the impoundment was improper. Therefore, the subsequent warrantless search of the vehicle and seizure of the physical evidence constituted an unreasonable search and seizure requiring exclusion from evidence at the appellant’s trial as required by Section 12 of Article I of the Florida Constitution.
REVERSED.
GRIMES, A. C. J., and SCHEB and DAN-AHY, JJ., concur.