RYDER, Judge.
Although Miller v. State[1] hasn’t been on the books as long as one might suspect, surely the message it carries should soon be disseminated to the officer in the field.
Long appeals an order denying his motion to suppress evidence seized during an inventory of the vehicle driven by him. The inventory of the vehicle’s contents occurred subsequent to the impoundment of the automobile which was seized also subsequent to Long’s arrest for making an illegal U-turn and, minutes thereafter, for failure to produce the vehicle’s certificate of registration.
When asked to produce the registration certificate, the record reveals Long stated the vehicle belonged to his sister, and he furnished the police with her name and place of work. Long volunteered, however, that his sister might be out to dinner at that point in time.[2] Without further ado, the officer chose to transport Long to jail and ordered another unit to take charge of the vehicle for impoundment. The inventory was conducted and the contraband discovered. The charges of possession of cocaine and drug paraphernalia were added to Long’s already growing list of charges.
Mr. Justice Overton, after a comprehensive review of the law relating to inventories in connection with impoundment, wrote in Miller with great clarity that:
[Wjhat we hold is that an officer, when arresting a present owner or possessor of a motor vehicle, must advise him or her that the vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to impoundment. An inventory search of a motor vehicle without such advice or consultation to a present owner or possessor upon arrest results in an unreasonable search under the United States and Florida Constitutions and must be excluded under the Florida constitutional rule.
Miller, supra, at 1314.
Nowhere in the record does it appear the arresting officer complied with Miller. Long’s statement regarding ownership of the vehicle by his sister and the furnishing of her address were made in response to inquiries as to ownership, not as a response to a Miller inquiry.
Because the officer failed to advise Long of his intention to impound the vehicle unless Long could provide a reasonable alternative, the impoundment was improper. See also Sanders v. State, 403 So.2d 973 (Fla.1981); K.J.B. v. State, 420 So.2d 114 (Fla.2d DCA 1982); Judge v. State, 419 So.2d 1171 (Fla.2d DCA 1982); and State v. *74 Filter, 414 So.2d 1127 (Fla.2d DCA 1982). Therefore, the subsequent warrantless search of the vehicle and seizure of the physical evidence constituted an unreasonable search and seizure, requiring exclusion from evidence that contraband so seized. The failure of the trial judge to so order was error. The order denying suppression is REVERSED, the judgment and sentence is set aside, and the matter is REMANDED for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and SCHEB, J., concur.

. 403 So.2d 1307 (Fla.1981).

. The sister worked evenings at a dance studio. The time of the stop was 7:00 p.m.