CAMPBELL, Judge.
While driving down a public street in Lake Placid, Florida, appellant, William Higgins, and his companion, Daniel Laco-ney, stopped to ask directions. Laconey, who was driving, parked the car in the northbound lane of traffic, exited, and walked across the street seeking directions from a man who was standing in his front yard. As Laconey started back towards the car, appellant slid over to the driver’s seat and backed up, intending to pick up Laco-ney. While doing so, he struck a mailbox. Someone in the neighborhood reported the incident, and Trooper Victor Gullatt of the *82 Florida Highway Patrol responded, followed soon thereafter by Deputy Elijah Smith.
Gullatt examined the car and the mailbox and concluded that the incident did not amount to an accident. However, he also noticed that appellant and Laconey were very unsteady on their feet. He concluded that they were intoxicated and incapable of further driving. Accordingly, Gullatt and Smith, intending to place the men in protective custody under the Myers Act, ordered them into Deputy Smith’s cruiser. Trooper Gullatt asked Mr. Reeber, the owner of the mailbox, if they could leave the car in his driveway and when Reeber refused, Gullatt called a wrecker and commenced a standard inventory search. He found two baggies of marijuana and three small packets of cocaine in the car. He then arrested appellant and Laconey, and the state later charged them in two counts with possession of controlled substances. After denial of his motion to suppress the controlled substances, appellant pled nolo contendere reserving his right to appeal the denial of his motion.
We first must decide whether the search and seizure can be sustained under the recent decisions of the United States Supreme Court in United States v. Ross, -U.S.-, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), or New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We conclude that they cannot. Officer Gul-latt had no probable cause to believe the vehicle contained contraband sufficient to come within the provisions of Ross. Nor was there any contention that the search was made incident to appellant’s arrest so as to invoke Belton. When Officer Gullatt arrived on the scene, he was responding to a traffic accident. Although he believed appellant and his companion were intoxicated “on something”, he also testified that his subjective intent when he conducted the search was based on a desire to inventory the vehicle’s contents preparatory to impounding it. Therefore, neither Ross nor Belton applies. There is also no indication in the record that appellant or his companion was so intoxicated to the point of being unable to comprehend alternatives to im-poundment had any alternatives been explained to them.
In Miller v. State, 403 So.2d 1307 (Fla.1981), the court stated that an arresting officer must advise an arrestee of possible alternatives to impoundment. The officers did not do so here, and because they did not, the subsequent inventory search of the car was improper. See K.J.B. v. State, 420 So.2d 114 (Fla. 2d DCA 1982). Therefore, the trial court erred in denying appellant’s motion to suppress.
REVERSED and REMANDED.
GRIMES, A.C.J., and SCHEB, J., concur.