428 So.2d 781 (1983)
Kenneth Wayne ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-627.
District Court of Appeal of Florida, Fourth District.
March 30, 1983.
Rehearing Denied April 14, 1983.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
After arresting appellant, Kenneth Wayne Ross, at the sheriff's office, on a warrant for burglary, the police impounded Ross's pick-up truck, made an inventory search and discovered a rifle, which implicated him in the burglary. When Ross was advised of the discovery of the rifle he is alleged to have said that he purchased the gun from a black man who "lived up the road."
Appellant's motions to suppress the rifle and the statement were denied. Thereafter, appellant entered a plea of nolo contendere reserving the right to appeal the denial of the aforesaid motions.
On appeal Ross contends the impoundment and search of his truck was improper and thus the motion to suppress should have been granted. We agree. Ross was never advised of the alternatives to impoundment of the truck and, thus, the search was unlawful. Miller v. State, 403 So.2d 1307 (Fla. 1981).
Next, Ross argues that, since discovery of the rifle was the result of an unlawful search, the statement that was prompted by reference to the discovered rifle is also tainted under the rule of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). That argument might be valid but it is not available to Ross because it was not presented to the trial court.
In view of the foregoing the judgment appealed from is reversed and the cause is *782 remanded with directions to grant the motion to suppress the rifle. Upon remand, appellant should also be allowed to renew his motion to suppress the statement so as to raise the question of the applicability of the Wong Sun rule regarding the statement.
REVERSED AND REMANDED, with directions.
ANSTEAD and HURLEY, JJ., concur.