431 So.2d 343 (1983)
William Douglas BOND, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2288.
District Court of Appeal of Florida, Second District.
May 18, 1983.
*344 Nicholas G. Schommer and Steve Kackley, Sebring, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
William Douglas Bond appeals his placement on probation for three counts of possession of a controlled substance following his entry of a nolo contendere plea reserving his right to appeal the denial of his motion to suppress the evidence seized from his motor vehicle following his arrest for driving while intoxicated. We hold that the trial court correctly denied appellant's motion to suppress, and we therefore affirm.
Appellant was approached by a deputy sheriff who had heard a radioed BOLO report based on a citizen's report to another officer of a drunk driver. Appellant's truck, which was parked in a roadway median strip with appellant inside when the deputy approached it, matched the vehicle description and license tag number given in the BOLO. Appellant smelled faintly of alcohol and admitted having had one beer. In addition, his eyes were dilated, and he failed all three of the field sobriety tests given him by the deputy. The deputy therefore arrested appellant and placed him in the patrol car. A search of appellant's truck, which the deputy characterized as an inventory search although appellant was not offered an alternative to impoundment, was performed, leading to the discovery of the controlled substances in question in the cab of the truck.
Appellant argues that under Miller v. State, 403 So.2d 1307 (Fla. 1981), which requires that, where feasible, the possessor of an automobile must be advised of his right to provide an alternative to impoundment before an inventory search may be performed, the search here was invalid. We disagree. Miller, by its own terms, does not apply to searches which are justifiable under traditional probable cause standards. Id. at 1310. The United States Supreme Court held in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), that a search incident to the custodial arrest of an occupant of an automobile may include a complete search of the passenger compartment of the car, including examination of the contents of any container found therein.
We agree with the third district that the validity of the search here should not be affected by the fact that the deputy characterized the search as an inventory search. State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982).
Higgins v. State, 422 So.2d 81 (Fla. 2d DCA 1982); Stevens v. State, 412 So.2d 456 (Fla. 2d DCA 1982); and Ross v. State, 428 So.2d 781 (Fla. 4th DCA 1983), are inapplicable here. In Higgins, the defendants were not arrested but were taken into protective custody under the Myers Act, Section 396.072, Florida Statutes (1981), and there was no probable cause to believe that the car contained contraband. Thus Higgins was correct in holding that Belton and United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), were not controlling under the circumstances in Higgins.
The Stevens and Ross v. State courts did not address, and we therefore assume did not consider, whether the search could have been justified as other than an inventory search, whereas here the state conceded below that the search of appellant's vehicle was not a valid inventory search but argued that it was a valid search incident to arrest. Thus the issue before the trial court *345 and the issue before this court here is whether Miller is applicable, as appellant argues, or whether Belton controls here, as the state argues. As stated above, we agree with the state that Miller is inapplicable here and that Belton is controlling.
Accordingly, the trial court's order denying appellant's motion to suppress and the order placing appellant on probation are AFFIRMED.
RYDER and LEHAN, JJ., concur.