476 So.2d 1303 (1985)
Willie McCLENDON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2096.
District Court of Appeal of Florida, Second District.
September 11, 1985.
Rehearing Denied October 16, 1985.
*1304 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Willie J. McClendon, appeals a judgment and sentence for possession of a controlled substance, to wit: cocaine. Appellant pled nolo contendere to the charge and reserved his right to appeal the trial court's denial of his motion to suppress certain evidence. We reverse.
Appellant was originally stopped by a St. Petersburg, Florida, police officer because it appeared to the officer that the automobile being driven by appellant did not have a license plate. The stop revealed that the vehicle did have a license plate but that it was not properly illuminated. Appellant told the officer that his name was Samuel McClendon and that he did not have his driver's license with him. Since the officer knew the Samuel McClendon who lived at the address given by the appellant, his suspicions were aroused. After further investigation, appellant was arrested for obstructing *1305 justice by giving false information and for not having a valid driver's license.
The officer determined that the license plate was owned by Ralph Arnold and that it belonged to a different vehicle. Neither the automobile nor the plate had been reported stolen, however. Appellant told the officer that the automobile belonged to Benny Phillips and that employees of Benny's Body Shop were allowed to use it. The officer did not ask the appellant now Benny Phillips could be located, but attempts to contact Ralph Arnold and Mr. Phillips after running an inquiry through the police computer were unsuccessful. The automobile was impounded without any consultation with the appellant concerning a reasonable alternative to impoundment. Cocaine was found during a warrantless inventory search.
Appellee, the State of Florida, does not contend that the search was incident to arrest or that the arresting officer had probable cause to believe the vehicle contained contraband. The state contends, however, that the vehicle was properly impounded and that the officer therefore had the right to conduct a warrantless inventory search of the vehicle. We disagree.
The Florida Supreme Court discussed impoundment and inventory searches in Miller v. State, 403 So.2d 1307 (Fla. 1981). An inventory search serves as a caretaking function, partly to protect the owner's property and partly to protect the law enforcement agency. It is not conducted in order to discover evidence of a crime, and any suggestion that an inventory search was actually a pretext for an investigative search will require the search to meet traditional probable cause standards in order to be validated. The state has the burden to show that the impoundment of an automobile was lawful, reasonable, and necessary. Miller. In deciding whether the state has met this burden, the court should consider the nature and extent of the officer's consultation with the owner or possessor of the automobile concerning a reasonable alternative to impoundment. Sanders v. State, 403 So.2d 973 (Fla. 1981); Miller. The state did not meet its burden in this case.
Under some circumstances, consultation can be excused or become less significant in determining the reasonableness of impoundment, for example: an unattended car illegally parked or otherwise illegally obstructing traffic; an unattended car at the scene of an accident where the driver is incapable of deciding which steps to take to deal with his vehicle; an abandoned vehicle; or a vehicle identified as stolen. Miller; see also Padron v. State, 449 So.2d 811 (Fla. 1984). The state argued at the suppression hearing that because the police officer suspected the automobile had been stolen, the officer's failure to consult with the appellant could be excused. The vehicle in this case, however, was not identified as stolen, and no evidence beyond the officer's bare suspicion was presented to refute appellant's contention that he was in rightful possession of the vehicle. Although appellant had supplied false information concerning his identity, and the license plate belonged to a different vehicle, further investigation revealed that neither the car nor the plate had been reported as stolen.
Since appellant was available for consultation and the officer failed to advise him that his car would be impounded unless he could provide a reasonable alternative to impoundment, the trial court erred in finding that the impoundment of the automobile was lawful, reasonable, and necessary. Miller; Sanders; Long v. State, 422 So.2d 72 (Fla. 2d DCA 1982); K.J.B. v. State, 420 So.2d 114 (Fla. 2d DCA 1982); Stevens v. State, 412 So.2d 456 (Fla. 2d DCA 1982). The subsequent search of the vehicle without a warrant and the seizure of cocaine therefore constituted an unreasonable search and seizure, requiring exclusion of the contraband from evidence. The trial court, therefore, erred in denying appellant's motion to suppress.
We, accordingly, reverse and remand with instructions to discharge the defendant on the charge that is the subject matter of this appeal.
Reversed and remanded.
*1306 FRANK, J., concurs.
SCHEB, A.C.J., dissents with opinion.
SCHEB, Acting Chief Judge, dissenting.
I respectfully dissent.
As the majority notes, a police officer is not required to give the possessor of an automobile any alternative to impoundment where the automobile is identified as stolen. Miller, 403 So.2d at 1313. Although the majority points out that the car and license plate were not reported stolen, I think the inquiry in this case should be whether the police officer at the time of impoundment had a reasonable ground to believe that the car was stolen.
Here, the officer stopped defendant in the early hours of the morning. The defendant incorrectly identified himself as Samuel McClendon. He did not produce a driver's license or other identification. The officer, knowing Samuel McClendon, drove defendant to that person's address. There, Samuel McClendon's mother identified defendant as Willie, rather than Samuel. The officer arrested defendant for obstruction by giving false information and gave him a citation for not having a valid driver's license.
The officer then attempted to ascertain the owner of the vehicle. By checking its tag, he discovered the tag belonged to a Ralph Arnold and had been issued for a different vehicle. Defendant told the officer that the vehicle involved in this traffic stop belonged to Benny Phillips, and that Phillips' employees were allowed to use it. The officer gave all this information to the police computer center but attempts to contact Arnold and Phillips were unsuccessful. Further, the other three occupants of this vehicle could not give the officer any information concerning the owner. The officer suspected the vehicle might be stolen, because the tag did not belong to this particular vehicle; thus, he had the car impounded.
The trial judge noted that the circumstances, taken as a whole, gave rise to a great deal of suspicion. He observed that if the car had been stolen within a short period before the traffic stop, it would not have been reported as stolen. Thus, the judge concluded:
I think that the officer's decision to impound the car for the safeguard of the Police Department, for his own safeguarding and for the safeguarding of the automobile itself was reasonable. There are many things perhaps that could have been done in hindsight, but at that time, given those circumstances, I believe it was reasonable. The reasonableness of the impound having been determined, then of course there is a duty to inventory, again for the purpose of protecting the property and protecting the police agency and protecting the arresting officer from possible claims of diminishment of value or theft.
Under these circumstances, I cannot say that the trial judge erred in denying the motion to suppress and concluding that a valid inventory search occurred. Thus, I would affirm.