502 So.2d 54 (1987)
Alphonso McNEALY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1741.
District Court of Appeal of Florida, Second District.
February 6, 1987.
*55 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Alphonso McNealy appeals his judgment and sentence for possession of a firearm by a convicted felon. He contends that the trial court erred in departing from the recommended guidelines sentence. We agree.
Appellant was tried by a jury and found guilty of possession of a firearm by a convicted felon. The trial judge departed from the recommended guidelines sentence of twelve to thirty months and sentenced appellant to fifteen years' imprisonment. In aggravating appellant's sentence, the trial court based its departure on the following reasons:
1. Appellant refused to cooperate in the preparation of the presentence report. Failure to cooperate is an insufficient reason for departure. Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1984).
2. Appellant has never worked in his life. This reason is contrary to Rule *56 3.701(b)(1), Florida Rules of Criminal Procedure, which provides that sentencing should be neutral with regard to economic status. Olivera v. State, 494 So.2d 298 (Fla. 1st DCA 1986).
3. Appellant threatened to kill one of the officers who arrested him. Factors relating to the instant offense for which a conviction was not obtained are improper bases for departure. Washington v. State, 500 So.2d 316 (Fla. 2d DCA 1986).
4. Appellant has been a discipline problem while in the county jail. Again, failure to cooperate and general disregard for the criminal justice system are invalid reasons to depart from the guidelines. Scott v. State, 488 So.2d 146 (Fla. 3d DCA 1986).
5. Appellant's prior record is far worse than the scoring reflects. The trial court's disagreement with the sufficiency of the guideline sentence is an invalid reason for departure. Williams v. State, 492 So.2d 1308 (Fla. 1986).
6. There was a high probability that appellant was contemplating another crime at the time he was apprehended. Speculation as to what appellant might have done in the future is not a clear and convincing reason for departure. Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
7. Appellant has repeatedly violated his probation and was on probation when the present offense occurred. A second probation violation and the timing of a probation violation may be a valid reason for departure. Torrey v. State, 482 So.2d 552 (Fla. 2d DCA 1986).
8. There is no hope of rehabilitating appellant and society has a right to be protected from him. We have held that a trial court may properly depart from the guidelines where the defendant demonstrates an inability to be rehabilitated by committing a new offense while out on probation, Konyves v. State, 501 So.2d 127 (Fla. 2d DCA 1987); however, a finding that the defendant is a threat to society based solely on his prior record is not a valid reason for departure. Williams v. State.
9. Juvenile record not scored because of remoteness in time. Juvenile offenses not factored into the guidelines sentence are valid reasons for departure. Weems v. State, 469 So.2d 128 (Fla. 1985).
In departing from the guidelines recommended sentence, the trial court relied on both permissible and impermissible reasons. Since the state has not shown beyond a reasonable doubt that the court would have departed from the guidelines sentence without consideration of the impermissible reasons, we reverse and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985); Wade v. State, 482 So.2d 346 (Fla. 1986).
We find no merit in appellant's two remaining points on appeal.
Accordingly, we affirm appellant's conviction, but we reverse the sentence and remand to the trial court for resentencing. In the event the trial court again decides to depart from the recommended guidelines sentence, it should set forth in writing detailed particulars supporting its valid reasons for departure.
Reversed and remanded.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.