520 So.2d 292 (1987)
John MONTALVO, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1643.
District Court of Appeal of Florida, Second District.
December 18, 1987.
Rehearing and Rehearing Denied February 24, 1988.
*293 James Marion Moorman, Public Defender, and John T. Kilcrease Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
Rehearing and Rehearing En Banc Denied February 24, 1988.
SCHEB, Acting Chief Judge.
Defendant appeals his judgment and sentence for possession of drug paraphernalia, carrying a concealed firearm, and possession of cocaine. He contends that the trial court erred in denying his motion to suppress evidence seized by police and in departing upward from the sentencing guidelines without clear and convincing reasons. We think that his arguments have merit.
In August 1985 defendant was placed on probation for possession of drug paraphernalia. In October 1985 he was charged with carrying a concealed firearm. In 1986 defendant was charged with carrying a concealed firearm and possession of cocaine. His argument is directed to the convictions resulting from the latter charges and to his sentence in excess of the guidelines recommendation.
On January 5, 1986, the police impounded the car that defendant was driving. During their inventory search the police found a firearm. Defendant was then arrested, and the search incident to the arrest produced the cocaine.
Impoundment is considered reasonable and necessary in the following situations: an unattended or illegally parked vehicle; an unattended car at the scene of an accident where the driver is physically or mentally incapable of dealing with his vehicle; an abandoned vehicle; a defective vehicle which, if driven, would be a menace to others; a vehicle identified as stolen. Miller v. State, 403 So.2d 1307 (Fla. 1981).
Defendant's car did not fit into any of the situations above; therefore, it is not necessary to determine whether, as Miller dictates, the officer had to offer the defendant an alternative to the impoundment. Rather, the determination to be made is whether the search of the vehicle and the seizure of the firearm constituted an unreasonable search and seizure. See McClendon v. State, 476 So.2d 1303 (Fla.2d DCA 1985).
In McClendon the defendant gave police officers false information and the officers determined that his car's license plate belonged to a different vehicle. Only then did the officers impound the car and conduct an inventory search. Defendant appealed the denial of his motion to suppress the cocaine found during the search. This court held that the inventory search and *294 the seizure were unreasonable and excluded the contraband from evidence.
Here, the officers stopped defendant's vehicle based on suspicion of criminal mischief. Defendant could not produce a vehicle registration or proof of ownership. He did, however, give the officers the name of the owner. The officers did not check the information because "there was no way to contact her because we had no address or phone number." Nothing in the record indicates that the police officers made any effort to run a check on the vehicle's tag or to obtain any further information before they impounded the vehicle. We believe that the officers here did not meet the requirements of McClendon. Since the inventory search was unlawful at its inception, the firearm was illegally obtained and defendant's arrest was not lawful. Therefore, the resulting search of defendant's person was not incident to a lawful arrest, and the cocaine seized became the fruit of an illegal search. Consequently, evidence of the firearm and the cocaine should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Defendant correctly argues that the trial court's reason for departure from the recommended guidelines sentence is invalid. The trial judge found that defendant was a "threat to society." To support his finding the trial judge noted that defendant's prior record included resisting arrest with violence, throwing a deadly missile, and carrying a concealed firearm on three different occasions. The judge also noted that defendant threatened the arresting officers by saying that he would have his machine gun next time they saw him.
A finding that a defendant is a threat to society based on his prior record is not a valid reason for departure. McNealy v. State, 502 So.2d 54 (Fla.2d DCA 1987). The possibility that the defendant might carry out his threat against the officers is speculative; therefore, it is also an invalid reason for departure. McNealy; Lindsey v. State, 453 So.2d 485 (Fla.2d DCA 1984). Thus, nothing in the record or in the trial judge's reasoning in support of his decision shows that the upward departure was warranted.
We vacate the defendant's convictions for the 1986 charges of carrying a concealed firearm and possession of cocaine. We affirm the defendant's convictions arising out of the 1985 charges and remand for resentencing within the recommended range of the sentencing guidelines.
SCHOONOVER and HALL, JJ., concur.