PER CURIAM.
The appellant, Rollie James Miller, seeks review of two sentences which were imposed outside the sentencing guidelines. We reverse.
The appellant pled guilty to charges of possession of cocaine (count I) and possession of controlled substances paraphernalia (count II). After adjudicating the appellant guilty in accordance with his plea, the trial court sentenced the appellant to two and one-half years in prison on count I and to a concurrent term of one year in prison on count II although the presumptive guidelines sentence was any nonstate prison sanction. As part of its written reason for departure, the trial court included a list of the appellant’s offenses from May, 1979 to February, 1986. The court then stated that the appellant had “clearly reflected a pattern of criminal behavior as evidenced by *1119 his record and is a menace to society. The court finds that it is necessary for the protection of the public that this court exceed the guidelines.” The appellant timely appealed and contends that the trial court’s reason for departing from the guidelines is invalid. We must agree.
The trial court did not find that the appellant’s history reflected any escalation in his pattern of criminality, nor do we. A finding that a defendant is a threat to society based solely on his prior record is not a valid reason to depart from the presumptive sentence. McNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987). Since the only reason given by the trial court for its departure is invalid, we reverse the sentences imposed and remand for resentenc-ing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and PARKER, JJ., concur.