528 So.2d 1233 (1988)
Michael W. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. BT-15.
District Court of Appeal of Florida, First District.
July 14, 1988.
Rehearing Denied August 24, 1988.
Rhonda S. Martinec of Daniel, Komarek & Martinec, Chartered, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Beverly D. Berry, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant was convicted of two counts of possession of contraband and one count of possession of drug paraphernalia. His argument on appeal from his judgment and sentence raises the issue of whether the trial court erred in denying his motion to suppress evidence seized pursuant to an inventory search of his automobile conducted *1234 without the police officer's having advised appellant of alternatives to impoundment. We agree the trial court did err in denying the motion to suppress and therefore reverse.
Evidence elicited from officer Ferrick at the hearing on appellant's motion to suppress and during the trial revealed the following facts concerning Ferrick's stop of appellant's vehicle and the subsequent inventory search of the vehicle. Officer Ferrick stopped appellant's automobile at approximately 2:30 a.m. on June 13, 1986, after observing appellant driving on the wrong side of the road. The road was four lanes wide and traffic was sparse. Ferrick immediately put on his emergency lights to warn appellant of oncoming traffic and further observed appellant's vehicle swerve before turning across the median and proceeding in the correct direction. After turning across the median, appellant stopped his car further down the highway, parking it at an angle on the northwest corner of the intersection with the front tires on the grass area and the right rear of the vehicle at the curb where it would obstruct the flow of traffic in the outside lane.
Ferrick detected an odor of alcohol on appellant's breath and advised him that he was to perform some field sobriety tests. Ferrick described the alcohol odor as slight but marked it as being moderate when he completed his report. Appellant's completion of the several tests was not altogether successful and it was noted that appellant experienced difficulty in understanding the basic instructions to one of the tests. Ferrick categorized his ability to understand instructions as fair, but upon completion of appellant's attempts to perform the test, it was Ferrick's opinion that appellant was too impaired to operate his automobile. He therefore placed appellant under arrest and told him that his vehicle was obstructing the normal flow of traffic. He recalled that he advised appellant he would not let him back in the vehicle to move it off the road and that it would be towed to the police department impound lot.
Appellant thereafter consented to take a breathalyzer test at the police station, the results of which were .06 and .06+. Ferrick commented to appellant that the breathalyzer reading was not consistent with the level of impairment he was observing, to which appellant informed Ferrick that he was taking tranquilizer medication. Ferrick did not conduct any drug screening on appellant because he did not think it was necessary.
After taking the breathalyzer test, appellant desired to make a phone call and was permitted to do so. He was unable to contact anyone to come and get him and was thereafter taken to the county jail.
When Ferrick reported to work for his next shift, he observed that appellant's car was still in the impound lot. He asked the officer he was relieving if anyone had attempted to pick up the vehicle and was told that no one had done so. By the end of his shift, the car still being present, Ferrick felt obligated to perform an inventory search based on the fact that he had observed luggage on the back seat of the car and did not know what other valuable items might be present. He retrieved the car keys and during the search discovered a loaded .38 calibre revolver underneath the seat, and a blue bag in the console glove compartment holding cocaine straws with suspected cocaine residue, three razor blades, and a plastic baggy with some black capsules in it. The partially opened suitcase revealed a sock stuffed into a shoe in which was found three plastic prescription bottles, one of which had the label scraped off and did not look valid. That bottle contained what appeared to be a large number of valium tablets. At this point, Ferrick returned the cap on the bottle and placed it back in the sock, put the sock in the shoe and zipped up the bag. He took the blue bag and the gun into the station and advised the officer he had found some illegal items. He then retrieved the luggage and the other items.
In Miller v. State, 403 So.2d 1307 (Fla. 1981), the supreme court addressed the "sensitive" and "relatively new exception" to the warrant requirement of automobile *1235 inventory searches. In recognizing that the doctrine had, under certain conditions, been approved by the United States Supreme Court in South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the supreme court analyzed that opinion and arrived at the "firm conclusion" that a majority of the United States Supreme Court "would not have approved that inventory search on federal grounds if the driver or owner of the vehicle had been present or reasonably available." 403 So.2d at 1313. In the court's opinion, "if the primary purpose of impoundment and an inventory search is for security and protection of the vehicle's contents, it necessarily follows that the owner or possessor who is reasonably available must be consulted concerning the impoundment." Id. To that end, the supreme court held "that an officer, when arresting a present owner or possessor of a motor vehicle, must advise him or her that the vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to impoundment." 403 So.2d at 1314.
Notwithstanding, the supreme court also set forth some examples of reasonable and necessary impoundments, including "an unattended car at the scene of an accident where the driver is physically or mentally incapable of deciding what steps to take to deal with his vehicle such as might occur when the driver is seriously injured, mentally incapacitated, or severely intoxicated." 403 So.2d at 1313. The court also set forth other circumstances and maintained that its list was not all inclusive.
In the instant case, in arguing in favor of the impoundment, the State seizes upon the language regarding the mental incapacitation or severe intoxication of the driver. However, we must disagree with the State that the facts of the instant case fall within that example of a reasonable and necessary impoundment. It is quite obvious from the Miller decision that the presence of the driver is of primary importance in gauging the reasonableness of the impoundment, and if the driver is present, and in any degree competent, he or she must be advised that the motor vehicle will be impounded unless a reasonable alternative to impoundment can be provided by the owner. The example given by the supreme court involving mental incapacitation or severe intoxication, in our view, envisions circumstances where, although physically present, the owner's mental incapacitation for all practical purposes leaves the automobile unattended. In the instant case, although there is evidence tending to show that appellant was operating under some degree of mental impairment, he was clearly not so intoxicated or mentally incapacitated as not to have been able to be informed by the arresting officer that his automobile would be impounded unless he could provide alternatives to impoundment.[1]
Accordingly, we hold that the trial court should have granted appellant's motion to suppress and therefore reverse appellant's judgment and sentence for possession of controlled substances and drug paraphernalia.
ZEHMER, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
I would affirm the judgment of conviction below based on the facts as they were when Officer Ferrick stopped defendant from driving his vehicle on the wrong side of the highway, swerving, crossing the median, and finally stopping with the rear of the vehicle parked so as to obstruct traffic on the highway. The officer smelled alcohol and observed defendant's difficulty in understanding and completing the field sobriety tests. Defendant was placed under arrest and was not allowed to get back into his car to move it. At that point in time, at 2:00 a.m., on the highway with a car obstructing traffic and an owner/driver who could not understand the instruction for the "finger-to-nose" sobriety test, much *1236 less perform that test, the officer made a decision that the vehicle would have to be impounded. The record shows that there was a reasonable basis for the officer to believe that defendant was mentally incapacitated to the extent that consultation concerning alternatives to impoundment was not required. On motion to suppress, the court must view the facts as they appeared to the officer under the exigencies at the time of the arrest. We should affirm the trial court's denial of the motion to suppress.
NOTES
[1] Indeed, the jury acquitted appellant of the charge contained in one count of the information of driving while under the influence of alcoholic beverages or controlled substances.