OPINION ON MANDATE
WIGGINTON, Judge.
The original opinion of this Court was filed July 14, 1988, and reported at 528 So.2d 1233, wherein the judgment of the Circuit Court of Bay County denying Green’s motion to suppress evidence was reversed. However, the opinion was reviewed by the Supreme Court of Florida based on express and direct conflict with its recent decision in State v. Wells, 539 So.2d 464 (Fla.1989). See State v. Green, 541 So.2d 106 (Fla.1989). In its decision in Green, the supreme court noted that we had expressly relied on the holding of Miller v. State, 403 So.2d 1307 (Fla.1981), which was superseded by Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), as recognized in State v. Wells. Accordingly, the supreme court quashed the opinion of this Court and remanded for reconsideration in light of Wells.
Upon reconsideration, we must affirm the trial court’s denial of Green’s motion to suppress evidence seized pursuant to an inventory search of his automobile following its impoundment. In Wells, the supreme court held that
... [ujnder the analysis in Bertine, we believe the [Florida Highway] Patrol is not compelled to provide an alternative to impoundment, as we held in Miller and Sanders [v. State, 403 So.2d 973 (Fla.1981)]. Thus, we believe the officer in this instance acted reasonably by choosing to impound an automobile containing several thousand dollars in cash rather than leave it unprotected at the roadside.
539 So.2d at 469 (emphasis added).
The sole point on appeal in Green was whether an inventory search of Green’s vehicle conducted without the police officer’s advising him of alternatives to impoundment was an illegal search. However, as is obvious from the above-quoted language in Wells, the police officer in the instant case was not compelled to provide Green with an alternative to impoundment but was instead entitled to make a discretionary decision to impound the vehicle or not to do so. As was true in Wells, we hold that the officer in the instant case acted reasonably by choosing to impound the automobile given the fact that he originally stopped Green’s automobile after observing Green driving on the wrong side of the road, after which stop the car was obstructing traffic. Significant also was the fact that Green exhibited signs of intoxication and his attempts to complete several sobriety tests were not altogether successful.
Based on the foregoing, we conclude that the seizure of the evidence in this instance was permissible as an incident of a proper impoundment and the trial court did not err in denying Green’s motion to suppress.
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.