526 So.2d 164 (1988)
Willie Mae ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4-86-2540, 4-86-2649.
District Court of Appeal of Florida, Fourth District.
May 25, 1988.
*165 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barry Weisman, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
Involved is the lack of a police offer of any reasonable alternative to impoundment after a valid automobile stop. We affirm.
The defendant was the only passenger in a rented automobile being driven on the Florida Turnpike. The police pulled the car over for a traffic infraction which is not in issue here. The driver had no license and a computer check of his name showed that his license had been suspended. Also without a license was the defendant/passenger and the agreement for the rental of the automobile was made out to a third party not even present in the car, though the occupants claimed they had permission from that third party to use the vehicle. The vehicle was impounded, and an inventory search ensued revealing contraband.
In a recent case out of the Second District, it was held that the requirement of the Florida Supreme Court's opinion in Miller[1] that a reasonable alternative to impoundment must be offered "no longer exists." State v. Williams, 516 So.2d 1081 (Fla. 2d DCA 1987). Needless to say, the Second District did not arbitrarily overrule the Florida Supreme Court, and reached its conclusion because of a United States Supreme Court decision on the same subject. See Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).
We have read Colorado v. Bertine and agree with the Second District. Notwithstanding, we are unable to ignore our own Supreme court's pronouncements and we therefore certify the following question, it assuredly being one of great public importance:
DOES THE 1983 AMENDMENT TO ARTICLE I SECTION 12 OF THE FLORIDA CONSTITUTION, COUPLED WITH THE COLORADO v. BERTINE DECISION, OVERRULE MILLER v. STATE, PROVIDING THE POLICE ARE NOT ACTING IN BAD FAITH?
AFFIRMED.
HERSEY, C.J., and DOWNEY, J., concur.
NOTES
[1] Miller v. State, 403 So.2d 1307 (Fla. 1981).