537 So.2d 95 (1989)
Willie Mae ROBINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 72583.
Supreme Court of Florida.
January 5, 1989.
Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review Robinson v. State, 526 So.2d 164 (Fla. 4th DCA 1988), which certified the following question of great public importance:
DOES THE 1983 AMENDMENT TO ARTICLE I SECTION 12 OF THE FLORIDA CONSTITUTION, COUPLED WITH THE COLORADO v. BERTINE DECISION,[[1]] OVERRULE MILLER v. STATE,[[2]] PROVIDING [sic] THE POLICE ARE NOT ACTING IN BAD FAITH?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative and affirm.
Because of a traffic infraction, police stopped a rental car in which petitioner was a passenger,[3] and later conducted an inventory search on the vehicle. During the search, police found contraband, which the trial court admitted into evidence against petitioner. It is undisputed that the police in this case did not provide an alternative to impoundment, as required by Miller v. *96 State, 403 So.2d 1307 (Fla. 1981), and Sanders v. State, 403 So.2d 973 (Fla. 1981). Nevertheless, the district court affirmed on authority of Bertine. The district court found that the 1982 amendment to article I, section 12, of the Florida Constitution, made Bertine controlling precedent in this instance, Miller notwithstanding.
In the recent decision of State v. Wells, 539 So.2d 464 (Fla. 1989), we held that Bertine has superseded our contrary holdings in Miller and Sanders. Officers no longer are required to provide an alternative to impoundment, if they act in good faith. Accordingly, we affirm the district court below.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).
[2] Miller v. State, 403 So.2d 1307 (Fla. 1981).
[3] Both the traffic infraction and stop were not in issue in the district court below and accordingly will not be reviewed here. See Robinson v. State, 526 So.2d 164, 165 (Fla. 4th DCA 1988).