GARRETT, Judge.
Both Nelson and Hector Diaz appeal convictions for trafficking in cocaine. We have consolidated the appeals for opinion purposes. Each appellant entered a conditional plea of “no contest” after the trial court denied their respective motions to suppress.
A Florida Highway Patrol trooper stopped a speeding rental car driven by Nelson and occupied by Hector. Nelson gave the trooper a false name. An arrest followed when the trooper discovered Nelson’s license had been suspended. Troopers are instructed to tow a rented car if the renter is arrested. Although later determined that Hector had rented the car, the trooper could not decipher the name of the authorized driver on the rental contract. Neither appellant said anything about Hector being the authorized driver. The trooper impounded the car and without a warrant he conducted an inventory search. The trooper unzipped a bag discovered in the trunk and found the cocaine.
At the suppression hearing, no one testified as to Florida Highway Patrol’s standard procedures for opening closed containers found during an inventory search.
Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), and Robinson v. State, 537 So.2d 95 (Fla.1989), authorized the impoundment. The trooper acted reasonably and in good faith by choosing to impound the car rather than have a seemingly unauthorized person drive it after the stop. However, Bertine, 107 S.Ct. at 744, allowed “[the trooper] to open closed containers in an inventory search only if [he was] following standard police procedures that mandate the opening of such containers in every impounded vehicle.” As in State v. Wells, 539 So.2d 464, 468-69 (Fla.1989), “since this record reveals no such mandatory policy [or any trial court finding], we must hold that the opening of the [bag] in this instance violated Bertine.” Because all searches without a warrant are unreasonable, the state had the burden to show that the search came within one of the recognized exceptions to the constitutional warrant requirement. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964).
Accordingly, we reverse the trial court’s orders denying suppression of the cocaine and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WALDEN and GUNTHER, JJ., concur.