576 So.2d 411 (1991)
The STATE of Florida, Appellant,
v.
Barrett SCOTT and Lurlene Scott, Appellees.
No. 90-473.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellees.
Before COPE, LEVY and GODERICH, JJ.
LEVY, Judge.
The State appeals from a trial court order suppressing cocaine seized from the trunk of an automobile.
The vehicle was stopped by Officer Pelton after he observed the car on the highway weaving from side to side in and out of the lanes. There were four adults and one child in the car. Defendant/appellee Barrett Scott and the driver were in the front seat of the car. Defendant/appellee Lurlene Scott was in the back seat with the child and another passenger, Paul Carter. The driver did not have a driver's license with him, and the car was a rental car which had been rented in defendant/appellee Lurlene Scott's name.
Officer Pelton noticed that the driver had bloodshot eyes, slurred speech, and that his breath smelled like alcohol, and there was white powder around his nose. The officer had the driver take a roadside sobriety test, which the driver failed. Officer Pelton then ascertained that the license of the driver was suspended, and arrested the driver for driving under the influence and for driving while his license was suspended.
During this time, Officer Durden arrived on the scene. He observed Carter, the passenger in the right rear seat, attempting *412 to stuff something under the seat. Officer Durden noticed that the right rear seat was partially pulled out approximately three to four inches. The officers asked the remaining occupants in the car, including the appellees, to get out of the car and produce identification.
Officer Durden then searched the car with his police dog. The dog alerted to the right rear seat, where a bag of marijuana was found, and to the front seat where a marijuana cigarette butt was found. Officer Pelton then asked the occupants of the car for permission to search the trunk. According to Officer Pelton, the appellees verbally gave consent to search the trunk.
The officer could not open the trunk at this time, however, because the key did not fit. He proceeded to search the occupants of the car, and found a vial of cocaine in the possession of passenger Carter.
Thereafter, Officer Durden found the trunk release button and opened the trunk. In the trunk, he found a closed plastic bag which contained laundry and a bag of cocaine. The appellees were then advised of their rights and waived them. The appellees admitted that they owned the plastic bags, but denied any knowledge of the cocaine contained therein.
At trial, the appellees argued that the consent was invalid and moved to suppress the cocaine. The trial court granted the motion stating: "[T]he court feels that the search here, that the consent is questionable; that the search was not valid as to these two defendants of that bag."
We find that the trial court erred in granting the motion to suppress. Once the driver of the car had been arrested for driving under the influence, the officers were entitled to search the passenger compartment as a contemporaneous search incident to the lawful arrest of the driver. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988). Once the marijuana was discovered in the passenger compartment, the officers had probable cause to then conduct a search of the entire car, including the trunk. See Michigan v. Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); U.S. v. Burns, 684 F.2d 1066 (2d Cir.1982), cert. denied, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983); and Article I, Section 12 of the Constitution of the State of Florida.
Given the existence of probable cause to search the trunk, the issue of consent is superfluous. Moreover, the fact that the officers might have subjectively believed that they were searching the car based upon valid consent does not affect the validity of the search. See State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982). "[T]he lawfulness of a warrantless search is to be determined by an objective view of the facts, not the subjective view of the person conducting the search." State v. Blanco, 513 So.2d 739, 740 (Fla. 3d DCA 1987).
Accordingly, we reverse the order of suppression and remand for further proceedings consistent herewith.
Reversed and remanded.