PER CURIAM.
We reverse the trial court’s order granting a motion to suppress physical evidence. Contrary to the trial court’s findings, the record supports that the traffic stop was valid and not merely a pretext to search the vehicle. Subsequent to the search, appellee was placed under arrest for driving under the influence, though it is of no legal consequence whether the search occurred before or after the arrest. See State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988). Furthermore, it is not legally relevant that the arresting officers failed to offer an alternative to impoundment. Robinson v. State, 537 So.2d 95 (Fla.1989). It is well established that an officer arresting a driver for operating under the influence is entitled to search the passenger compartment, State v. Scott, 576 So.2d 411 (Fla. 3d DCA 1991), and the fact that the officer later mischaracterized his actions as a standard procedure inventory search does not taint an otherwise appropriate search incident to arrest. State v. Blanco, 513 So.2d 739 (Fla. 3d DCA 1987).
REVERSED AND REMANDED.
ANSTEAD, HERSEY and FARMER, JJ., concur.