765 So.2d 903 (2000)
Brian BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3160.
District Court of Appeal of Florida, Fifth District.
August 25, 2000.
*904 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Brian Bryant appeals the denial of his motion to suppress evidence. We reverse.
Bryant and Trevis Hall were riding in a truck driven by Carl Beecham when Beecham made an improper left turn. The truck was stopped by Detective Michael McBurney of the Casselberry Police Department. McBurney approached the truck, noted that Hall and Bryant did not have seat belts on, and asked Beecham for his license, registration and proof of insurance. When Beecham replied he did not have them in his possession at the time, McBurney arrested Beecham. Bryant and Hall also failed to have identification.
After obtaining Bryant's name and date of birth, McBurney had his partner run a check on Bryant and discovered there was an outstanding arrest warrant due to an alleged violation of probation. McBurney began to inventory the truck due to his arrest of Beecham and his plan to have the vehicle towed because Beecham could not show that the truck was registered. McBurney testified at the suppression hearing that his understanding of the police department's policy regarding impoundment of vehicles was that once the decision to impound was made, the officer would be responsible for the loss of anything contained in the vehicle, and that this policy required inventorying packages or containers and their contents. After taking inventory of the driver's area of the truck, McBurney began examining the *905 items in the bed of the truck, including three golf bags. After examining Hall and Beecham's bags, McBurney learned via radio that the truck was validly registered. He released Beecham and gave him a notice to appear for driving with a revoked driver's license, rather than continue with the full custody arrest. For this reason, he ended the inventory search of the vehicle before searching Bryant's bag.
McBurney, no longer impounding the vehicle, told Beecham he would have to move the truck off the roadside to a nearby convenience store parking lot and have a licensed driver remove it. Beecham informed McBurney that he could not lock the truck, and McBurney felt he had to make a decision as to what to do with Bryant's golf bag. He testified that Beecham and Hall did not indicate to him that they knew Bryant well enough to take his bag, although they never said as much. For this reason, he took Bryant's golf bag back to the station. The bag was subjected to an inventory search at the police station as the paperwork on Bryant's arrest was completed. At this point three bags of contraband, along with several pagers, were found inside the bag.
McBurney conceded that he had no reason to believe there was anything illegal in the truck when he began his inventory search, and acknowledged that the three individuals in the truck did not have immediate access to the golf bags from their position within the truck. McBurney agreed with defense counsel that he had no reason to seize the bag for suspicion of contraband or weapons when he decided not to give it to Beecham or Hall.
Hall, the other passenger in the vehicle, testified that he told McBurney he had known Bryant for ten years and would take the bag; the officer did not ask him if he was willing to take the bag and chose not to without explaining his reasoning to Hall. Bryant testified that after he was arrested he asked that Hall be allowed to take his golf bag, and McBurney told him in response that he was going to have to search it. The trial court denied the motion to suppress, explaining that in its opinion McBurney was legitimately protecting Bryant's property.
The trial court's ruling on a motion to suppress is presumed to be correct, and a reviewing court should interpret the evidence and all reasonable deductions and inferences which may be drawn therefrom in a manner most favorable to the trial court's conclusions. See Johnson v. State, 438 So.2d 774 (Fla.1983). That being said, it should also be noted that it is a "cardinal principle that `searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions.'" California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (citations omitted).
There was no warrant, no probable cause, no exigent circumstance, nor any consent offered to support the seizure and subsequent search of Bryant's golf bag. Further, Bryant argues that McBurney's conduct was not authorized as a search incident to arrest because the golf bag was not on Bryant's person or in his control or immediate vicinity at the time of arrest. In addition, Bryant contends that it could not have been an inventory search because the inventory of the truck pursuant to the initial impoundment ended once McBurney released the driver of the vehicle. Since the impoundment had ended, the bag should not have been brought to the station with Bryant, as he had requested it be left with the other two individuals with him at the time of arrest. We agree.
"[I]mmediately upon arrest an officer may lawfully search the person of an arrestee; he may also search the area within the arrestee's immediate control." Illinois v. Lafayette, 462 U.S. 640, 644, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). When the arrest is of an individual in a vehicle, the arrestee's immediate control *906 includes anything in the passenger compartment of the vehicle, including any closed containers within the passenger compartment; thus the officer may contemporaneously search the passenger compartment as a valid search incident to arrest. See New York v. Belton, 453 U.S. 454, 460-61, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In the instant case, however, the golf bag was not within the passenger compartment of the truck or otherwise within Bryant's immediate control when he was arrested. Officer McBurney conceded this in his testimony. Hence, the search incident to arrest exception to the warrant requirement does not apply.
The seizure and subsequent search is not authorized as an inventory search, either. McBurney had begun an inventory of the truck when he decided to impound it because he was arresting Beecham. As the state points out, this inventory was entirely appropriate because McBurney was planning to have the vehicle impounded. See United States v. Staller, 616 F.2d 1284 (5th Cir.), cert. denied, 449 U.S. 869, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980)(when the police acquire temporary custody of a privately-owned auto, an inventory search made pursuant to standard police procedures and for the purpose of securing or protecting the car and its contents is a reasonable police intrusion). When McBurney learned that the car was registered, however, he released Beecham with a criminal traffic citation and ended the inventory search because he no longer intended to impound the truck.
When McBurney refused to turn over the bag to Bryant's companions but instead brought the bag to the station for a search, he seized the bag without any appropriate exception to the Fourth Amendment's warrant requirement.[1] Any suggestion that the seizure and subsequent search was reasonable based on McBurney's good faith intent to protect Bryant's property is undercut by the testimony that McBurney told Bryant specifically that he was going to have to search the bag. Cf. Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987)(in absence of showing that police, following standardized procedures, acted in bad faith or for the purpose of investigation, evidence discovered during inventory search of van was admissible).
REVERSED and REMANDED.
THOMPSON, C.J., COBB and W. SHARP, JJ., concur.
NOTES
[1] The Casselberry Police Department did not have a standardized procedure that provided for a search in this instance. The only procedure suggested as allowing this search addresses vehicles and their contents when the vehicles have been towed; that is not the case here.