804 So.2d 1278 (2002)
Sean Alexander PUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4339.
District Court of Appeal of Florida, Second District.
January 25, 2002.
FULMER, Judge.
Sean Alexander Pugh appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the trial court to hold an evidentiary hearing on Pugh's ineffective assistance of counsel claim.
Pugh was convicted by a jury of three counts of sexual battery and nineteen counts of inducing a child into committing a sexual performance and was sentenced to 706 months' imprisonment. This court affirmed the direct appeal.
The case arose when a woman ("the complainant") made an allegation to the police that she and another woman were both raped by Pugh. The complainant revealed that she was raped at gunpoint. She alleged that Pugh owned and ran an online sex service and that he employed an underaged girl. She told police that Pugh carried a gun in his car with him at all times.
The police officers ran a check and found that Pugh had outstanding warrants for obtaining property in return for worthless checks. They arranged for the complainant to call Pugh and talk him into coming to her house. When Pugh arrived at her house, he parked his car, went to the trunk and removed a baseball bat, then closed the trunk and went back into his car where he tried to make a call from a cellular phone. The officers moved in and *1279 arrested Pugh pursuant to the outstanding warrants. After Pugh was arrested and put in the backseat of a police cruiser, Pugh's car was searched and police took several items out of the trunk including videos and disks that were used against him at trial.
Pugh filed his motion for postconviction relief raising three claims: (1) the inventory search of Pugh's vehicle conducted by the St. Petersburg Police Department resulted in an unreasonable search and seizure; (2) the further intrusion, viewing and inspecting the items found in Pugh's locked trunk after the inventory search, was an unreasonable search; and (3) counsel's decision not to move for suppression of evidence obtained illegally by the St. Petersburg Police Department caused Pugh prejudice at trial. Pugh argued in his motion that the police had no legal grounds to search his car after the arrest and that trial counsel was ineffective in failing to move for suppression of the evidence obtained in the car search.
The trial court denied the first two claims because Pugh should have raised the issues on direct appeal, but ordered a response from the State on the issue of whether trial counsel was ineffective for not filing a motion to suppress. The State responded with the assertion that the suppression issue was without merit because Pugh was searched incident to a lawful arrest and therefore trial counsel was not ineffective for failing to file a motion to suppress.
The trial court agreed with the State's argument and issued an order denying the ineffective assistance claim. The trial court found that Pugh failed to state a factual basis for a motion to suppress upon which existed a reasonable likelihood that the motion would have been granted. The court stated that the passenger compartment of the vehicle, and the black briefcase found within it, were lawfully searched as a search incident to arrest under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). As to the items removed from the trunk, the trial court stated that Pugh's opening of the trunk to remove the baseball bat showed that the trunk was under his immediate control at that time. But, the court stated, assuming that the Belton search should have been limited to the vehicle's interior, the officers were entitled to search the entire car incident to a standardized procedure associated with impoundment of the vehicle, or for firearms since the officers had received information that Pugh had a gun with him.
Pugh has filed a pro se brief on appeal in which he argues that the trial court erred in denying his ineffective assistance of counsel claim because under these facts the search could not be justified as a search incident to arrest where the police had a preplanned intention to arrest him and search the car for investigation of other crimes. He also contends that the search was illegal because the items removed from the car (videotapes, computer disks, and a briefcase) were taken to a remote site (the police department) and "searched" at a later time.
Pugh is entitled to an evidentiary hearing on his postconviction claims unless (1) the motion, files, and records in the case conclusively show that he is entitled to no relief, or (2) the motion or a particular claim is legally insufficient. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000). "The defendant bears the burden of establishing a prima facie case based upon a legally valid claim." Id. While mere conclusory allegations are not sufficient to meet this burden, the reviewing court must accept the factual allegations made by the defendant to the extent that they are not refuted by the record. Id. *1280 "We must examine each claim to determine if it is legally sufficient, and, if so, determine whether or not the claim is refuted by the record." Id.
Although the police were authorized to search Pugh incident to arrest, it may not have been proper for the officers to extend that search to the trunk of the vehicle, in which case a motion to suppress could have been successful. See Betz v. State, 793 So.2d 976 (Fla. 2d DCA) (holding that although search of passenger compartment was legal, search of trunk was not), review granted, 791 So.2d 1101 (Fla.2001); Bryant v. State, 765 So.2d 903 (Fla. 5th DCA 2000) (holding that search of golf bag was not legal as search incident to arrest because it was not in passenger compartment of vehicle or otherwise within arrestee's immediate control). It is not clear from this record why Pugh's counsel told him that he had no basis for a motion to suppress and whether, in fact, that advice was correct. For example, a search of the trunk could have been legally conducted based on an impoundment of the vehicle;[1] however, before the search could be declared valid, the State would be required to present evidence that the police conducted their inventory search according to standardized criteria. See Betz; Patty v. State, 768 So.2d 1126 (Fla. 2d DCA 2000).
The record before this court is insufficient to conclude that the search of the trunk was valid and that Pugh's counsel was correct in stating that there was no ground for a motion to suppress. Accordingly, we reverse the trial court's summary denial of the postconviction motion and remand for an evidentiary hearing where Pugh's claim may be further developed.
Reversed and remanded.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] A portion of the trial transcript, which was attached to the trial judge's order, indicates that the search of the trunk was not conducted based on an impoundment of the vehicle, but was solely conducted as a search incident to arrest. Officer Quinn testified that as soon as Pugh was arrested, Quinn assisted Officer McDonald in searching the car incident to arrest and Quinn stated, "the primary area that I searched first was the trunk."