880 So.2d 776 (2004)
Adrian LEARY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3268.
District Court of Appeal of Florida, Fifth District.
June 25, 2004.
Rehearing Denied August 26, 2004.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
*777 Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Leary appeals from his judgment and sentence for possession of a firearm by a convicted felon,[1] after pleading guilty and reserving his right to appeal the denial of his motion to suppress evidence which is dispositive of the case.[2] Because we conclude the inventory search of the trunk of his automobile was unlawful, we reverse.
Appellate review of a ruling on a motion to suppress is de novo. Connor v. State, 803 So.2d 598, 607 (Fla.2001); State v. Gandy, 766 So.2d 1234 (Fla. 1st DCA 2000). Although the reviewing court must interpret conflicting evidence in a manner most favorable to sustaining the trial court's ruling,[3] in this case, there were no relevant disputed facts or evidence with regard to issue upon which we reverse.
Leary initially argues that his arrest for trespass after warning was unlawful because he was an invitee of a paying guest of the motel, Glover. They had been staying at the motel for the prior six days. Leary helped pay for the room. He was only seen entering and leaving their room and walking across the parking lot.
The deputies testified that on May 1, 2003, they saw Leary at the motel, entering and leaving the room shared with Glover, and crossing the parking lot to his car. The deputies recognized him and his car, and they knew he had received a 1999 trespass warning at the request of the owner of the motel. One deputy also checked with the manager at the front desk and found that Leary did not appear on the guest list. Leary left the motel room, got into his car and started to leave when the deputies stopped and arrested him.
It may be that Leary would not have been found guilty of trespass, despite the issuance of the trespass warning to him by the owners of the motel in 1999, because he was the guest or invitee of Glover, a paying guest and a lessee of a room. See State v. Jackson, 281 So.2d 353, 354-355 (Fla.1973); L.D.L. v. State, 569 So.2d 1310, 1312-1313 (Fla. 1st DCA 1990). We do not need to reach that question, however, because taking all inferences from the facts in favor of the state, it appears that the deputies had probable cause to arrest Leary for trespass. See Seago v. State, 768 So.2d 498 (Fla. 2d DCA 2000).
The next issue is whether the deputies' inventory search of the trunk of Leary's car was lawful. This search led to the discovery of a firearm, which was the basis for the criminal charge in this case.
The search of a car incident to an arrest is limited to the passenger compartment. See New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The authority to search incident to arrest does not extend to the trunk of a car,[4] unless contraband is found in the passenger compartment.[5] *778 In this case, no contraband was discovered on Leary's person or in his car.
The state argues authority to search the trunk of the car can be based on an inventory search. Inventory searches must be supported by probable cause or be consistent with law enforcement's role as caretaker of the streets, completely unrelated to any criminal investigation. United States v. Duguay, 93 F.3d 346 (7th Cir.1996). They are warranted for three reasons: protecting the owner's property; protecting the police against lost or stolen property claims; and protecting police from potential danger. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); United States v. Haro-Salcedo, 107 F.3d 769, 772 (10th Cir.1997). However, standardized criteria or routines must be established to regulate inventory searches. Duguay. The police activity challenged must be in conformity with those procedures. Patty v. State, 768 So.2d 1126, 1127-1128 (Fla. 2d DCA 2000). See also Beezley v. State, 863 So.2d 386 (Fla. 2d DCA 2003); Montalvo v. State, 520 So.2d 292 (Fla. 2d DCA 1987).
Further there is authority that it is improper to seize a vehicle parked in a motel parking lot for "safekeeping" when the driver is arrested during his stay at the motel. United States v. Lawson, 487 F.2d 468 (8th Cir.1973).[6] Impoundment has been held improper where a driver has been arrested for a petty offense, assuming the vehicle is not a traffic hazard. Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). Trespass is a minor offense, a second degree misdemeanor,[7] and there is no dispute that Leary's vehicle was safely parked in the motel parking lot, causing no disruption to street traffic.
The deputy who conducted the search testified only that the vehicle "was going to be towed" from the premises and it is the sheriff's policy to inventory vehicles before towing. She also testified she found other items in the trunk, clothing, a VCR or DVD. She said she had a tow sheet upon which she was supposed to describe the property found. However, no tow sheet was apparently filled out, in this case. Nor did the state present any other testimony concerning the sheriff's standardized procedures for when to tow vehicles after an arrest for minor charges without regard to their location.
We conclude that the search of the trunk of Leary's car cannot be justified on the basis of an inventory search, because the record lacks sufficient evidence of any standardized procedure utilized by police officers to conduct such searches, and the one procedure that was established, in this case, was apparently disregarded. Accordingly, we reverse and remand for discharge. Patty; Beezley; Montalvo.
REVERSED and REMANDED.
SAWAYA, C.J., and GRIFFIN, J., concur.
NOTES
[1] Section 790.23, Florida Statutes (2003).
[2] See State v. Carr, 438 So.2d 826, 828 (Fla. 1983); Hawk v. State, 848 So.2d 475 (Fla. 5th DCA 2003).
[3] See McNamara v. State, 357 So.2d 410 (Fla. 1978); State v. Panzino, 583 So.2d 1059 (Fla. 5th DCA 1991); Velez v. State, 554 So.2d 545 (Fla. 5th DCA 1989).
[4] See United States v. Baker, 221 F.3d 438 (3d Cir.2000); United States v. Blaze, 143 F.3d 585, 591 n. 8 (10th Cir.1998); United States v. Wright, 932 F.2d 868 (10th Cir.1991).
[5] See United States v. Myers, 102 F.3d 227 (6th Cir.1996); United States v. Riedesel, 987 F.2d 1383 (8th Cir.1993); State v. Scott, 576 So.2d 411 (Fla. 3d DCA 1991).
[6] In this case, Glover testified that the check out time was 11:00 a.m. and that she and Leary were getting ready to check out (T. 31). The arrest report shows that Leary was arrested at 7:12 a.m. (R. 55).
[7] § 810.08(2), Fla. Stat. (2003).