913 So.2d 98 (2005)
Dawn HAWLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-196.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
*99 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Hawley appeals her conviction for unlawful possession of a controlled substance (ecstasy). She argues that the trial court erred in denying her motion to suppress because police seized the drugs without a warrant and without probable cause. We affirm.
The State charged Hawley with unlawful possession of a controlled substance. Hawley filed a motion to suppress the evidence seized from her on the grounds that it was seized without a warrant and without probable cause. At a hearing on the motion to suppress, Seminole County Sheriff's Deputy William Morris testified that he was on patrol at approximately 11:00 p.m. in the vicinity of Club Juana. As he was driving past Club Juana's parking lot, he observed a white female in the backseat of a car ducking down upon seeing him. Morris contacted the female, a Miss Wilson, and asked her for identification. As Wilson retrieved her driver's license from a purse in the front seat of the vehicle, Morris observed a bag of cannabis inside her purse. Morris arrested Wilson and sat her outside the vehicle on the ground.
As Deputy Morris was arresting Wilson, Hawley approached. She appeared upset and demanded her purse from inside the vehicle. Morris would not allow anybody inside the vehicle until he was finished with his investigation.
Morris retrieved his canine, Aldo, from his patrol vehicle and began walking him around the vehicle. Aldo alerted to the presence of a narcotic odor on the back left passenger door. Upon entering the car, Morris found two cannabis leaves on the driver's side rear floorboard. He also observed a purse in the rear portion of the *100 car and retrieved it from the trunk. Morris asked Hawley if the purse was hers and she said yes. Morris searched the purse and discovered four ecstasy pills inside a pack of cigarettes inside the purse. Morris arrested Hawley.
The trial court denied the motion to suppress. The court found that Deputy Morris had authority to search the purse incident to the arrest of Wilson and based on probable cause arising from his canine alerting on the car. Hawley later entered a no contest plea, specifically reserving the right to appeal the denial of the motion to suppress which the parties stipulated was dispositive.
The denial of a motion to suppress often involves mixed questions of law and fact. The standard of review to be applied to the trial court's facts findings is whether competent, substantial evidence supports the findings. Dewberry v. State, 905 So.2d 963, 965 (Fla. 5th DCA 2005). The trial court's application of the law to the facts is reviewed de novo. Id.
Hawley argues that when police seize evidence pursuant to a warrantless search, the State has the burden to demonstrate that the search falls into one of the recognized exceptions to the warrant requirement. E.B. v. State, 866 So.2d 200, 202 (Fla. 2d DCA 2004). However, the trial court in this case found that the search was supported by two different exceptions to the warrant requirement.
First, Morris legally searched Hawley's purse and seized the drugs incident to the arrest of Wilson. When police lawfully arrest the occupant of a vehicle, they may search the area within the arrestee's immediate control, which includes anything within the passenger compartment of the vehicle, including closed containers. Bryant v. State, 765 So.2d 903, 905-06 (Fla. 5th DCA 2000) (citing New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)). This authority to search incident to arrest does not normally extend to the trunk of a car except when contraband is first found in the passenger compartment. Leary v. State, 880 So.2d 776, 777 (Fla. 5th DCA 2004). In the instant case, the trial court found that Deputy Morris validly arrested Wilson, the sole occupant of the vehicle, after observing cannabis in her purse. In addition, Morris discovered marijuana leaves in the rear of the passenger compartment. These facts, which were supported by competent, substantial evidence in the record, gave Morris authority to search Hawley's purse. See also State v. Smith, 662 So.2d 725 (Fla. 2d DCA 1995); State v. Moore, 619 So.2d 376 (Fla. 2d DCA 1993).
Second, the trial court found that Deputy Morris developed probable cause to search Hawley's purse based on his canine's alerting to the odor of a narcotic inside the vehicle. See State v. Hill, 770 So.2d 280, 282 (Fla. 5th DCA 2000) (finding probable cause to search trunk where properly trained police dog alerted on the vehicle); State v. Robinson, 756 So.2d 249, 250 (Fla. 5th DCA 2000) (same).
Hawley cites to McNeil v. State, 656 So.2d 1320 (Fla. 5th DCA 1995) and Brown v. State, 789 So.2d 1021 (Fla. 2d DCA 2001), for the proposition that she should have been allowed to retrieve her purse from the vehicle prior to the canine sniff search. However, the trial court properly distinguished McNeil on the basis that the police in that case did not have reasonable suspicion or probable cause prior to the canine alerting to the vehicle. Therefore, the officers in McNeil improperly refused to allow the defendant, a passenger in the vehicle, to leave with her purse. However, in the instant case, Hawley left her purse in the vehicle while she was inside Club *101 Juana. Morris made a valid arrest of an occupant of the vehicle, at which point he had authority to search the vehicle and to refuse access to the vehicle until it had been searched.
Brown is also distinguishable. In that case, the court held that the police authority to search pursuant to a driver's consent to search did not extend to the passenger's fanny pack. The instant case, however, does not involve a consent search, but rather a search incident to arrest. As previously discussed, the scope of the search in the instant case extended to the trunk because contraband was found in the passenger compartment.
Accordingly, we affirm Hawley's conviction because the evidence against her was obtained pursuant to a lawful search incident to arrest and pursuant to probable cause arising from a police canine alerting to the odor of narcotics.
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.