988 So.2d 695 (2008)
John Yancy NUNEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4904.
District Court of Appeal of Florida, Second District.
August 6, 2008.
*696 PER CURIAM.
John Yancy Nunez appeals from the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the postconviction court's order on two of his four claims. However, we reverse and remand for further proceedings on Mr. Nunez's claims of ineffective assistance of counsel for failure to file a motion to suppress and for counsel's failure to move for a mistrial based on an allegedly tainted jury panel.
Early one November morning in 2002, Mr. Nunez was driving down Dale Mabry Highway in Tampa with a passenger, Mitchell Bean, when Mr. Nunez abruptly crossed three lanes of traffic into a gas station to buy cigarettes. In the process, Mr. Nunez cut off a patrol car being driven by Officer Donald Miller, who activated his lights and pulled into the gas station behind Mr. Nunez. Officer Miller asked Mr. Nunez his name and for his driver's license and registration, to which Mr. Nunez responded that he did not have his license and that his name was "Reginald Nunez." Officer Miller searched through his system but could not find anyone named "Reginald Nunez." He then ran the tags of the car and discovered that it was registered to a "John Nunez." Upon this discovery, Officer Miller asked Mr. Nunez to step out of the car, arrested him for giving a false name, and placed him in the back of the patrol car.
Officer Miller then turned his attention to the passenger, Mr. Bean. When asked the driver's name, Mr. Bean answered truthfully "John Nunez." The officer also *697 asked Mr. Bean his name and for his identification. Mr. Bean responded that his wallet with identification was in his bag in the trunk of the car. Officer Miller had Mr. Bean step out of the car, patted him down, and asked him to step away from the car. Then the officer looked inside the car, found the keys, seized them, and opened the trunk. After finding a bag and confirming that it belonged to Mr. Bean, the officer proceeded to search the bag for Mr. Bean's wallet. Officer Miller found contraband inside Mr. Bean's bag and arrested Mr. Bean for possession of a controlled substance. Another officer then came to assist Officer Miller. Together they continued to search the contents of the trunk, opening a silver tackle box belonging to Mr. Nunez and finding a number of small plastic bags containing methamphetamine, heroine, and drug paraphernalia.
Based upon the events surrounding this stop and seizure, Mr. Nunez was found guilty by a jury of trafficking in amphetamine (count one), trafficking in illegal drugs (count two), and possession of a controlled substance (count three). After his sentence was corrected on appeal, see Nunez v. State, 912 So.2d 693 (Fla. 2d DCA 2005), Mr. Nunez received concurrent sentences of seven years' prison on count one, twenty-five years' prison on count two, and five years' prison on count three. Mr. Nunez, through counsel, then filed this timely rule 3.850 motion.
Mr. Nunez alleges that his trial counsel was ineffective for failing to file a motion to suppress the evidence discovered as a result of an illegal search and seizure. If his counsel had not been deficient in failing to file the suppression motion, Mr. Nunez contends, the motion would have been granted, the drugs and paraphernalia would have been suppressed, and the outcome of the proceedings would have been different. Thus Mr. Nunez has raised a facially sufficient claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The postconviction court rejected this claim on the basis that the evidence was found during a valid inventory search. This conclusion, however, is not supported by our limited record. This court has held that before an inventory search can be considered valid, the State must present evidence that the police conducted it according to standardized criteria or routine. See Pugh v. State, 804 So.2d 1278, 1280 (Fla. 2d DCA 2002). The record provided to this court does not contain any evidence that the alleged inventory search was conducted in such a manner.
Case law has also established that the search of an automobile incident to a valid arrest is permissible. See, e.g., New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). However, the authority of the officer to search is not unlimited and "does not extend to the trunk of a car, unless contraband is found in the passenger compartment." Leary v. State, 880 So.2d 776, 777 (Fla. 5th DCA 2004) (footnotes omitted). Although Officer Miller's initial search of the passenger compartment to find the car keys may have been permissible as a search incident to arrest, the record attached to the postconviction court's order does not reveal any evidence that would suggest that Officer Miller was authorized to open the trunk of the car and begin searching. Mr. Nunez alleges that he did not give the officer permission to open the trunk, and our limited record does not suggest that Officer Miller opened the trunk based on reasonable suspicion. Consequently, the record does not refute Mr. Nunez's claim that counsel was ineffective for failing to file a motion to suppress. Accordingly, we reverse and remand for the postconviction court to either attach portions of the record conclusively refuting Mr. Nunez's *698 claim or to hold an evidentiary hearing on this claim.
Mr. Nunez also alleges that his counsel was ineffective for failing to object to a potentially tainted jury. Mr. Nunez alleges that when he was leaving the courtroom, he observed Mr. Bean and the state attorney waiting for an elevator and discussing the case in the presence of one of the jurors. Mr. Nunez contends that he overheard Mr. Bean say, "I thought he would have taken a plea bargain." Mr. Nunez alleges that he told his counsel what he heard but that his counsel failed to object or to move for a mistrial. The postconviction court found that Mr. Nunez failed to show that the possible jury taint reached down into the validity of the trial itself, to the extent that the verdict of guilty could not have been obtained without the comment. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991). The postconviction court also found that Mr. Nunez failed to allege that the juror overheard the comment or that the juror was influenced by the comment and denied the claim as facially insufficient.
Pursuant to the supreme court's recent opinion in Spera v. State, 971 So.2d 754, 761 (Fla.2007), the postconviction court should have stricken the claim and given Mr. Nunez leave to file a facially sufficient claim. Accordingly, we reverse the denial of this claim and remand for the postconviction court to strike it with leave to amend the claim, which must be deemed timely if filed within thirty days of the date of the postconviction court's order.
Affirmed in part, reversed in part, and remanded with instructions.
DAVIS, SILBERMAN, and KELLY, JJ., Concur.