SILBERMAN, Judge.
 

 The State appeals an order suppressing physical evidence relating to charges against Ronnie Lee Townsend for possession of cocaine and possession of drug paraphernalia. Because the suppression issue was dispositive, the trial court dismissed the charges. We conclude that the search was valid as an inventory search and reverse the suppression order and remand for reinstatement of the charges.
 

 A deputy obtained the evidence at issue during a search of Townsend’s vehicle following his arrest for violating his restricted driver’s license. In his motion to suppress, Townsend argued that under
 
 Arizona v. Gant,
 
 — U.S. —, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), Deputy Koehler conducted an illegal search incident to arrest. The State argued that the search was proper whether it was an inventory search or a search incident to arrest.
 

 At the suppression hearing, Deputy Koehler testified that on March 31, 2009, he stopped Townsend because an obstruction on the vehicle’s license tag covered the expiration sticker. Deputy Koehler asked Townsend for his driver’s license and registration. The registration was for a KIA, but Townsend was driving a Chrysler Sebring. Deputy Koehler asked Townsend where he was going, and Townsend said that he was going to a bar to get a drink. When Deputy Koehler ran the license, he discovered that Townsend had a business purpose only license. Deputy Koehler arrested Townsend for violation of his restricted license, handcuffed him, and placed him in the back of the patrol car.
 

 Townsend’s vehicle was on the shoulder of the road on the county easement and was obstructing the bicycle lane. Deputy Koehler determined that Townsend was the primary registered owner of the vehicle and that Townsend’s wife was the registered co-owner. No one was at the scene who could take possession of the vehicle, and Deputy Koehler acknowledged that he did not attempt to contact Townsend’s wife to ask if she could remove the vehicle.
 

 Because the vehicle was obstructing the right of way, Deputy Koehler began the impound procedure for the vehicle. He followed standard operating procedure 504 of the Hillsborough County Sheriffs Office. He searched the vehicle to inventory its contents and found a crack cocaine rock on the driver’s seat and a glass crack cocaine pipe under the driver’s seat. He then charged Townsend with possession of cocaine and possession of paraphernalia.
 

 When asked about the impound procedure, Deputy Koehler noted that the purpose is for “the safety of the vehicle’s contents and property for the owner” and “for safety on the obstruction of a right of way.” In his police report, he wrote that he conducted a search incident to arrest. He did not write that the search was an inventory search but testified that the search was both incident to arrest and to impounding the vehicle. The inventory search that he performed was the only search of the vehicle.
 

 At the conclusion of the hearing, the trial court granted the motion to suppress the physical evidence obtained by Deputy Koehler and stated that the search was not proper as a search incident to arrest. The court added that an inventory search as part of impounding the vehicle “would
 
 *105
 
 have been fine because it was violating a right of way. It was on public property and that would have been it.” The court noted that it was making its ruling based on the fact that Deputy Koehler wrote in his report that the search was a search incident to arrest without mentioning an inventory search.
 

 In its written order, the court reiterated that its decision was based on the fact that the report only referred to a search incident to arrest. Although the court noted that Deputy Koehler had the vehicle towed without attempting to contact Townsend’s wife, the court specifically found that “[t]he Deputy was following standard [Hillsborough County Sheriffs Office] impound procedures (‘SOP 504’) as to the search, inventory, and towing of Defendant’s vehicle which had to be removed from public property.” The court concluded that the search was not valid as one incident to an arrest and quoted the following from the Supreme Court’s decision in
 
 Gant:
 
 “Police may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.”
 
 Gant,
 
 129 S.Ct. at 1723.
 

 We apply a mixed standard of review concerning the ruling on Townsend’s suppression motion. We review the findings of fact for support by competent, substantial evidence in the record.
 
 See State v. Clark,
 
 986 So.2d 625, 628 (Fla. 2d DCA 2008). As to the trial court’s conclusions on mixed questions of law and fact and on pure questions of law, we conduct a de novo review.
 
 See id.
 

 The trial court correctly determined that, under
 
 Gant,
 
 Deputy Koehler’s search of the vehicle was not valid as one performed incident to arrest. It is undisputed that Townsend was not within reaching distance of his vehicle’s passenger compartment when he was handcuffed and in the back of the patrol car. It is also undisputed that there was no reason to believe the vehicle contained evidence regarding the restricted license violation.
 

 Nevertheless, the trial court erred by suppressing the evidence. In
 
 Gant,
 
 the Supreme Court stated that when a search of a vehicle is not justified as incident to an arrest, the search “will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.” 129 S.Ct. at 1723-24. Under the applicable law, an inventory search as part of the impoundment of a vehicle, conducted according to standardized procedures, is recognized as an exception to the warrant requirement.
 
 See Nunez v. State,
 
 988 So.2d 695, 697 (Fla. 2d DCA 2008);
 
 State v. Clark,
 
 986 So.2d 625, 628 (Fla. 2d DCA 2008);
 
 State v. Williams,
 
 516 So.2d 1081, 1084 (Fla. 2d DCA 1987). Furthermore, an officer is not required to offer an arrested driver an alternative to impoundment, provided the officer is acting in good faith.
 
 See Robinson v. State,
 
 537 So.2d 95, 96 (Fla.1989);
 
 Williams,
 
 516 So.2d at 1084. And it is the nature of the search, not the label the officer places upon it, that controls.
 
 Williams,
 
 516 So.2d at 1083. The
 
 Williams
 
 court determined that the search there was valid both as one incident to arrest (pre-Gcmí) and as an inventory search.
 
 Id.
 
 at 1083-84.
 

 Here, the trial court’s factual findings support the State’s argument that Deputy Koehler’s search was a proper inventory search, conducted in accordance with standardized police procedures, regardless of the label that Officer Koehler gave to the search in his written report. Townsend’s vehicle obstructed the right of way, and Deputy Koehler was not required to offer
 
 *106
 
 an alternative to impoundment before he had the vehicle towed. The trial court did not make any finding that Deputy Koehler was acting in bad faith. Rather, the court made the specific finding that Deputy Koehler followed standard impound procedures “as to the search, inventory, and towing of Defendant’s vehicle which had to be removed from public property.” Thus, we conclude that the search was valid as an inventory search.
 

 Accordingly, we reverse the suppression of the physical evidence and remand for reinstatement of the charges for possession of cocaine and possession of drag paraphernalia.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and LaROSE, J., Concur.