WHATLEY, Judge.
 

 John Y. Nunez appeals the order summarily denying ground one of his motion for postconviction relief from his convictions of trafficking in amphetamine, trafficking in illegal drugs, and possession of a controlled substance. The order was entered after remand from this court with directions to hold an evidentiary hearing or attach portions of the record conclusively refuting the claim.
 
 See Nunez v. State,
 
 988 So.2d 695 (Fla. 2d DCA 2008). Because the portions of the record the post-conviction court attached to the order do not conclusively refute ground one, we reverse and remand for an evidentiary hearing.
 

 In ground one, Nunez alleged that his trial counsel was ineffective for failing to file a motion to suppress the evidence discovered during an illegal search of his car. This court reversed the postconviction court’s first order denying this claim because the record did not contain evidence that Officer Miller’s inventory search was conducted pursuant to standard criteria or routine.
 
 Id.
 
 at 697 (citing
 
 Pugh v. State,
 
 804 So.2d 1278, 1280 (Fla. 2d DCA 2002)). Upon remand, the post-conviction court again denied ground one based on Officer Miller’s inventory search of Nunez’s vehicle. This time, it attached portions of the transcript of Officer Miller’s testimony in which he stated that he conducted the inventory search of Nunez’s vehicle after his arrest of Nunez pursuant to standard operating procedure. However, Officer Miller did not say what the standard operating procedure required of him, and the procedure was not introduced
 
 *825
 
 into evidence. Case law requires that evidence of the procedure be introduced in order for the court to determine whether the inventory search was conducted in accordance with the procedure.
 
 See Pugh,
 
 804 So.2d at 1280 (noting in dicta that “a search of the trunk could have been legally conducted based on an impoundment of the vehicle; however, before the search could be declared valid, the State would be required to present evidence that the police conducted their inventory search according to standardized criteria”) (footnote omitted);
 
 Patty v. State,
 
 768 So.2d 1126, 1127-28 (Fla. 2d DCA 2000) (reversing denial of motion to suppress evidence found during inventory search of car because state did not present evidence of standardized criteria, and trial court made no finding search was conducted pursuant to said criteria);
 
 Williams v. State,
 
 903 So.2d 974 (Fla. 4th DCA 2005) (holding that state could not rely on inventory search exception to warrant requirement because record did not contain standardized policy);
 
 Leary v. State,
 
 880 So.2d 776 (Fla. 5th DCA 2004) (holding that inventory search was unlawful because record lacked sufficient evidence of standardized procedure used by police).
 

 Thus, the conclusion of the postconviction court that the inventory search was performed according to standardized procedure is not supported by the record. Accordingly, we reverse and remand for an evidentiary hearing on whether trial counsel was ineffective for failing to file a motion to suppress.
 

 Reversed and remanded with directions.
 

 MORRIS and KHOUZAM, JJ., Concur.